UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. 05-375-JBC

Eastern District of Kentucky
FILED
MAY 05 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

RICHARD WEYLAND and
JENNIFER WEYLAND,                                                              PLAINTIFFS

V.                    **AGREED PROTECTIVE ORDER**

PETER BIRKHOLZ and
BIRKHOLZ AND COMPANY,                                                          DEFENDANTS.

\* \* \* \* \* \* \* \* \*

Inasmuch as this matter concerns the personal tax preparation for Plaintiffs and it is anticipated that sensitive personal information will be exchanged during discovery and possibly filed with the Court or used at trial, in order to adequately protect the confidentiality of such record, the parties agree and the Court hereby ORDERS as follows:

1. "Confidential Information" shall include the following: (1) Any financial information provided by Plaintiffs to Defendant in connection with preparation of their federal or state taxes; (2) Any correspondence to or from Plaintiffs that discusses their federal, state, or local tax information in any manner; (3) Any document containing the social security number(s), account numbers, or personal financial information of Plaintiffs; (4) Any correspondence to or from the Internal Revenue Service or any state revenue cabinet or other taxing authority, concerning Plaintiffs' federal, state, or local tax information; (5) Any payroll or similar records in any manner reflecting Plaintiffs' compensation or financial transactions; (6) any other information which could reasonably expected to be maintained as confidential due to its sensitive nature, with respect to personal identifying information, financial information, passports and visas, or income and employment

information. Counsel shall exercise their best efforts to clearly identify (with a stamp or otherwise) any information counsel reasonably believes to constitute Confidential Information. **A DOCUMENT NEED NOT BE MARKED "CONFIDENTIAL" IN ORDER TO QUALIFY FOR THE PROTECTIONS SET FORTH HEREIN, IF IT OTHERWISE FALLS WITHIN THE DEFINITION OF "CONFIDENTIAL INFORMATION."**

2. All Confidential Information shall be held and used solely for the prosecution and/or defense of this action and shall be copied only as necessary for these purposes.

3. Confidential Information shall not be disclosed to any person, except:
   a. counsel for the parties to this litigation, including outside counsel employed in connection with this litigation;
   b. employees of such counsel assigned to and deemed necessary to assist such counsel in the preparation of litigation;
   c. officers, directors, or employees of the parties, who are deemed necessary by the parties to work directly on this litigation, and then only to the extent necessary to perform such work;
   d. consultants and experts, retained to furnish technical or expert services or give testimony in connection with this litigation, including independent consultants and experts, employees of a party designated by that party to be a consultant or expert for purposes of this litigation, and clerical or other employees of said consultants and experts performing work in connection with this litigation, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    e. any person of whom testimony is taken or to be taken in this action, except that such a person may only be shown Confidential Information during his testimony and in preparation therefor, and may not retain any Confidential Information;

    f. such personnel of the Court as are necessary in support of motions, pleadings, and other Court papers and proceedings; and

    g. any other person agreed upon by the parties in writing or as ordered by the Court.

4. Any person who makes any disclosure of Confidential Information permitted under paragraph 2 above shall advise each person to whom such disclosure is made as to the terms of this Order. The persons described in paragraph 2 above are enjoined from disclosing Confidential Information to any other person, except in conformance with this Order.

5. Counsel shall maintain a log in which are recorded the name, address, place of employment, and employment capacity of each person to whom Confidential Information is disclosed and in which is maintained a copy of this Order signed by such person in conformance with this paragraph.

6. To the extent that Confidential Information is contained in or attached to materials required to be filed with the Court, such materials shall be filed in sealed envelopes endorsed with the caption of the lawsuit, an indication of the nature of the contents, the word "Confidential," and a statement that the envelope is not to be opened or the contents thereof displayed or revealed except by the Court, pursuant to this Order, or pursuant to other orders of the Court.

7. No one, other than the Court, its agents and employees, and persons authorized by this Order, shall have access to such sealed materials. All materials containing Confidential

Information that are submitted to the Court or used in any pretrial proceeding before this Court shall remain confidential and shall be accorded *in camera* treatment.

8. A deponent may during a deposition be shown and examined about Confidential Information. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information unless they agree to be bound by this Order by signing the Acknowledgment of Confidentiality attached hereto as "Exhibit A". A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about Confidential Information.

9. Subject to the rules of evidence and applicable case law and all objections as to admissibility, Confidential Information may be proffered as evidence at trial or any hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for all parties. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at trial.

10. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on Confidential Information; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to this Order.

11. Execution of this Order by counsel for a party shall constitute a representation by counsel that all persons employed by counsel's firm for such party, will abide by the terms of this

Order and will subject themselves to the jurisdiction of this Court for the purposes of enforcement and disciplinary action.

12. The provisions of this Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, copies of Confidential Information (other than exhibits of record) shall be destroyed, with the destroying party certifying that the documents have been destroyed. All counsel of record shall make certification of compliance herewith and file such certification with the Court not more than 150 days after final termination of this litigation.

13. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any Confidential Information except working copies and for filing in court under seal.

14. This Order shall not be construed as providing any limit or ground for objection to any discovery otherwise permitted by law or order.

SO ORDERED THIS 5th DAY OF May, 2006.

_____
Jennifer B. Coffman
JUDGE, FAYETTE CIRCUIT COURT

SEEN AND AGREED:

_____     5/2/06
COUNSEL FOR PLAINTIFFS                DATE

_____     5/2/06
COUNSEL FOR DEFENDANTS                DATE

5

**CIRCULATION:**

Hon. David T. Royse
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
COUNSEL FOR PLAINTIFFS

Hon. Ronald L. Green
Boehl, Stopher & Graves
444 West Second Street
Lexington, KY 40507
COUNSEL FOR DEFENDANTS