UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CIVIL ACTION NO. 05-375-JBC

RICHARD WEYLAND and
JENNIFER WEYLAND,                                                                          PLAINTIFFS


V.        **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
           MOTION FOR PARTIAL SUMMARY JUDGMENT
           REGARDING TAX LIABILITY**


PETER BIRKHOLZ and
BIRKHOLZ AND COMPANY,                                                                    DEFENDANTS.

* * * * * *

## INTRODUCTION

This action involves claims by Richard and Jennifer Weyland against Peter Birkholz and Birkholz and Company (collectively "Mr. Birkholz") for negligence in connection with the preparation of the Weylands' tax returns over nearly twenty years.

Mr. Weyland is a ship captain. Ms. Weyland is an artist who works out of the Weylands' home. From 1986 through 2003, at the direction of Mr. Birkholz, the Weylands filed annual income tax returns with the United States Government, prepared by Mr. Birkholz, in which the Weylands paid Federal Insurance Contributions Act ("FICA") taxes on Mr. Weyland's earnings as a ship captain.

The undisputed facts of the case, the plain language of the applicable tax code provisions, and the results of an IRS audit, clearly demonstrate the Weylands were not liable for the FICA tax. The total FICA taxes paid on Mr. Weyland's earnings for this period were over

$100,000.00.  Mr. Birkholz's error was not discovered until 2003, and thus, the Weylands also claim the loss of reasonable interest for these erroneous and unnecessary payments.

The question of whether Mr. Birkholz was negligent in directing the Weylands to pay the tax is a separate issue, to be addressed in a separate motion or by trial to the jury.  The limited purpose of this motion is for a ruling, as a matter of law, that the Weylands were not liable to the United States Government for the FICA tax they paid during this period.

## FACTUAL BACKGROUND

Richard Weyland started working on ships after graduating from the Massachusetts Maritime Academy in 1971.  (RW[1] 10:3-11:21).  Since the mid-1970's he has been certified and employed as a "master" or captain of ships up to 3,000 tons.  (RW 27:21-31:24).

The Weylands met Mr. Birkholz when they lived in Massachusetts.  Mr. Birkholz conducts business as a professional tax preparer.  (Birkholz Curriculum Vitae attached hereto as *EXHIBIT A*.)  Beginning in the early 1980's, Mr. Birkholz began preparing the Weylands' tax returns and over several years they developed a personal and professional relationship.  Later in the 1980's the Weylands moved to New Jersey, and then in the mid-1990's moved to Cynthiana, Kentucky.  Throughout this period, the Weylands maintained their relationship with Mr. Birkholz and continued to engage him to perform their tax work.  (RW 40-43).

From the mid-1970's through 1992, Mr. Weyland was employed by entities related to Zapata Marine Service.  (RW 13:4-13:11; Zapata Sea Service record, attached as *EXHIBIT B*.)  Beginning in or about 1986, Mr. Weyland was employed by "Zapata Gulf Crews, Inc.", a company organized and existing under the laws of Panama.  (See SEC Form 10-K405 attached as *EXHIBIT C*.)  Zapata Gulf Crews, Inc. did not withhold social security taxes from Mr.

---

[1] References to the transcript of the Deposition of Richard Weyland, taken June 26, 2006, are abbreviated "RW".  The transcript is filed herewith as APPENDIX A.

2

Weyland's wages. Mr. Weyland was treated as an employee rather than an independent contractor and did not receive 1099's. (Exemplars of Zapata Gulf Crews, Inc. payroll records from 1985 through 1992 attached as *EXHIBIT D*.)

In August of 1992, Zapata was merged and Mr. Weyland became an employee of Tidewater Crewing Ltd. This company was a non-American company organized and existing under the laws of the Cayman Islands. (See *EXHIBIT C*.) Again, no taxes were withheld by this employer and Mr. Weyland was treated as an employee, not an independent contractor. (Certificate from Assistant Secretary of Tidewater Inc. and exemplars of Tidewater Crewing Ltd. payroll records from 1992 through 2003 are attached as *EXHIBIT E* and *EXHIBIT F*, respectively.)

In August of 2003, in a telephone conversation with Ms. Weyland, Mr. Birkholz inquired whether Mr. Weyland was employed by a foreign company. Mr. Birkholz indicated that if this was the case, Mr. Weyland might not have been subject to FICA tax. (JW$^2$ 168:14 – 171:11). The Weylands confirmed that Mr. Weyland did, in fact, work for a foreign company. (JW 168:23-10; 175:5-24). On October 10, 2003, Mr. Birkholz prepared an amended return on behalf of the Weylands for tax year 1999, in which he stated, "Claimant (Richard Weyland) initially filed return subjecting Foreign wages to self employment tax. Claimant captains a non American vessel that does not dock at a US port and works for a foreign employer. See copy of 1040-1 & 2 plus Schedule SE." The return requested a refund of the entire FICA tax previously paid for

---

$^2$ References to the transcript of the Deposition of Jennifer Weyland, taken July 14 and August 1, 2006 are abbreviated "JW". The transcript is filed herewith as APPENDIX B.

3

1999.  (*EXHIBIT G*.)   Mr. Birkholz testified that he and the Weylands anticipated the return would be audited.  (PB[3] 110:4-6; 130:9-10.)

As expected, in late spring of 2004, the IRS sent notice that it was auditing the amended tax return for 1999.  Over a period of several months, the IRS audited the return and reviewed documents and conducted interviews and meetings with Mr. Weyland and Jeff Smith, a tax attorney who assisted the Weylands with the audit.  On January 19, 2005, the IRS concluded the audit by sending notice to the Weylands that the amended return had been approved and a full refund for 1999 would be issued.  (*EXHIBIT H*.)

In each year from 1986 through 2003, Mr. Birkholz prepared tax returns which directed the Weylands to pay FICA tax on Mr. Weyland's earnings and he never advised them they might be entitled to an exemption.

## ARGUMENT

28 USC §§ 3101 and 3102 impose the FICA tax on wages of employees.  Section 3111 imposes an identical excise tax on employers.  However, § 3121(b)(4) states, in pertinent part, that taxable wages shall <u>not</u> include payment for:

> (4) service performed by an individual on or in connection with a vessel not an American vessel, or on or in connection with an aircraft not an American aircraft, if (A) the individual is employed on and in connection with such vessel or aircraft, when outside the United States and (B)(i) such individual is not a citizen of the United States or (ii) the employer is not an American employer.

This tax code provision clearly exempts income from FICA tax when the income is earned by an employee working on a foreign ship outside the United States for a foreign employer.

---

[3] References to the transcript of the Deposition of Peter Birkholz, taken June 19, 2006 are abbreviated "PB".  The transcript is filed herewith as APPENDIX C.

4

Discovery has been completed in this case and there is absolutely no evidence to dispute that between 1986 and 2003, Mr. Weyland was employed by two different non-U.S. companies and conducted his work on vessels entirely outside United States waters.

Mr. Weyland's employers were obviously keenly aware of the tax code provisions, as they did not withhold FICA taxes from Mr. Weyland's earnings or pay the empoyer's excise tax on his earnings – which they would have been required to do if Mr. Weyland was not exempt under §3121(b)(4).  Moreover, Mr. Birkholz prepared and submitted an amended tax return, under penalty of perjury, declaring that the Weylands were not liable for the FICA tax.  The IRS subsequently audited the return, conducted its own investigation, and concurred that the Weylands were not liable.  There is simply no evidence in the record to create a material factual issue as to Mr. Weyland's entitlement to the exemption from FICA tax and the Weylands are entitled to a ruling on this limited issue as a matter of law.

Under Fed. R. Civ. P. 56(c), a summary judgment shall be rendered if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."  Where a motion for summary judgment is supported by the moving party, the non-moving party "may not rest upon the mere allegations or denials of [its] pleading, but ... **must set forth specific facts** showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Fed. R. Civ. P. 56(e) (emphasis added).

In this case, there are no material facts upon which the Defendants could rely to prove that Mr. Weyland was not exempt from FICA taxes.  In fact, Mr. Birkholz himself has already made this representation to the IRS and the IRS has issued a final decision concurring with this determination.  As a matter of law, the Weylands are entitled to a partial summary judgment

5

holding that they were not liable for FICA tax on Mr. Weyland's earnings from 1986 through 2003.

This motion does not ask the Court to rule whether Mr. Birkholz was negligent in failing to prepare tax returns which properly claimed the exemption from FICA tax.[4] By entering partial summary judgment, the Court will limit the trial of this matter to the question of whether Mr. Birkholz was negligent in failing to claim the exemption for the Weylands.

## CONCLUSION

The Weylands are entitled to a judgment that they were not liable for FICA tax on Mr. Weyland's earnings from 1986 through 2003. A proposed Order is submitted herewith for the Court's consideration.

>
> Respectfully submitted,
>
> STOLL KEENON OGDEN PLLC
> 300 West Vine Street, Suite 2100
> Lexington, KY 40507
> Ph. (859)231-3000
> Fax (859)253-1093
> david.royse@skofirm.com
>
> /s/  David T. Royse_____
> COUNSEL FOR PLAINTIFFS

---

[4] While not directly pertinent to this Motion, the Weylands would point out that the deadlines for disclosing expert testimony have expired and the Defendants have not offered any expert evidence to deny negligence. The Plaintiffs timely disclosed the report of their accounting expert who opines that Mr. Birkholz clearly failed to satisfy the standard of care.

Throughout the entire tenure of Mr. Birkholz's tax preparation for the Weylands, he was aware that Mr. Weyland was a ship captain and that Mr. Weyland spent a substantial portion of each year working in foreign waters. Mr. Birkholz repeatedly prepared tax returns asserting that Mr. Weyland was entitled to the foreign earned income exclusion and often requested Mr. Weyland to provide him with detailed information as to how many days he spent inside and outside the United States in a given year. (See examples of Form 2555 for foreign earned income, and data provided by Mr. Weyland attached as *EXHIBITS I, J, K* and *L*; see also PB 69:15 – 72:12; PB 99:12-23). Likewise, Mr. Birkholz's files contained records indicating that Mr. Weyland was employed by a foreign corporation and that taxes were not withheld. (*EXHIBIT M*). Nevertheless, throughout all these years, Mr. Birkholz never advised the Weylands they might be entitled to the exemption from FICA tax.