UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CIVIL ACTION NO. 05-375-JBC

*ELECTRONICALLY FILED*

RICHARD WEYLAND and JENNIFER WEYLAND                    PLAINTIFFS

**PLAINTIFFS' PRE-TRIAL MEMORANDUM**

PETER BIRKHOLZ and BIRKHOLZ AND COMPANY               DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pursuant to the Court's Order of November 9, 2006, Plaintiffs submit this Pre-Trial Memorandum.

1.      Facts of the Case

This case involves a claim by Richard and Jennifer Weyland against Peter Birkholz and Birkholz and Company (collectively "Mr. Birkholz") for negligence in connection with the preparation of the Weylands' tax returns over nearly twenty years.

Mr. Weyland is a ship captain. From 1986 through 2003, at the direction of Mr. Birkholz, the Weylands filed annual income tax returns prepared by Mr. Birkholz, in which the Weylands paid Federal Insurance Contributions Act ("FICA") taxes on Mr. Weyland's earnings as a ship captain. Mr. Birkholz treated Mr. Weyland as "self-employed" for tax purposes, and thus, not only did Mr. Weyland pay the employee's share of FICA tax, he *also* paid the

employer's share, when in fact, no FICA tax was due at all.[1]

Plaintiffs' unnecessarily paid $97,365 in taxes from 1986 through 2001. Likewise, Plaintiffs lost the use of these funds for a substantial period of time, the value of which has been estimated by Plaintiffs' expert to be an additional $225,660. Plaintiffs are likewise entitled to damages for fees paid to Defendants for services rendered between 1986 and 2004 in a manner that did not satisfy the standard of care and Defendants' obligations to Plaintiffs. This amount is approximately $4,500.00.

    2.    Questions of Law

    a.  **Tax Liability**

28 USC §§ 3101 and 3102 impose the FICA tax on wages of employees. Section 3111 imposes an identical excise tax on employers. However, § 3121(b)(4) states, in pertinent part, that taxable wages shall <u>not</u> include payment for:

> (4) service performed by an individual on or in connection with a vessel not an American vessel, or on or in connection with an aircraft not an American aircraft, if (A) the individual is employed on and in connection with such vessel or aircraft, when outside the United States and (B)(i) such individual is not a citizen of the United States or (ii) the employer is not an American employer.

This tax code provision clearly exempts income from FICA tax when the income is earned by an employee working on a foreign ship outside the United States for a foreign employer.

Plaintiffs moved for a partial summary judgment that the Weylands were not liable for the FICA taxes they paid, on the grounds that there was no material factual dispute on this issue. The Court granted Plaintiffs' motion in part and denied it in part. The Court held that Mr.

---

[1] A more complete statement of facts is set forth in Plaintiffs' Memorandum in Support of Partial Summary Judgment (DE 29-2) and Plaintiffs will refrain from reciting those facts here.

Weyland was in fact an employee as opposed to an independent contractor or self-employed. The Court refrained from granting Plaintiffs' summary judgment motion in its entirety, however, because the Court found that there was at least some factual dispute as to whether Mr. Weyland was employed by a foreign employer as opposed to an American employer for the entire pertinent period. If the answer to this factual question is that Mr. Weyland was, in fact, employed by foreign employers, then as a matter of law, there was no tax liability.

While the Court's ruling is certainly well-taken on this issue, Plaintiffs respectfully submit that in reality there is no actual dispute that Mr. Weyland was, in fact, employed by Zapata Gulf Crews, Inc. between 1986 and 1992, and Tidewater Crewing, Ltd. from 1992 through the present. The Court has acknowledged that these two companies are indisputably foreign companies. Moreover, there is no evidence that Mr. Weyland received wages from any entity other than Zapata Gulf Crews, Inc. and Tidewater Crewing Ltd. Thus, Plaintiffs have renewed their Motion for Partial Summary Judgment on this narrow remaining issue. If the legal question of tax liability is eliminated, the scope of testimony and documentary evidence to be presented at trial is significantly narrowed.

3.    Expected Evidentiary Objections

Plaintiffs reserve their right to object to exhibits or testimony pursuant to Fed. R. Civ. P. 26(3) and the Federal Rules of Evidence, but at this point, are not aware of any anticipated evidentiary disputes.

4.    Pending Motions

Plaintiffs have moved for an Order requiring a Settlement Conference or Mediation, which is ripe for decision.

Plaintiffs have renewed their Motion for Partial Summary Judgment on the limited issue remaining after the Court's Opinion and Order of March 26, 2007.

     5.     <u>Progress of Case and Status of Settlement Negotiations, etc.</u>

Last summer, while the case was in the early stages of discovery, Defendant's counsel inquired whether Plaintiffs had any interest in settlement discussions. The undersigned advised that Plaintiffs were interested in exploring settlement. Thus, in August of 2006, Plaintiffs presented a letter of letter to Defendants setting forth Plaintiffs' position on settlement. Defendants have never made any response to this letter.

Plaintiffs believe it is in all the parties' interest to make a good faith attempt at resolution prior to the presently scheduled trial and thus, Plaintiffs have requested the Court to enter an Order requiring mediation or a settlement conference, to be attended in person by the parties. Plaintiffs do not, however, believe the scheduling of mediation or a settlement conference should lead to the postponement of the present trial date, and Plaintiffs respectfully request that the trial date not be continued.

Respectfully submitted,

David T. Royse
Lynn Sowards
STOLL KEENON OGDEN PLLC
300 West Vine St., Suite 2100
Lexington, Kentucky  40507
Telephone:  859-231-3000

 /s/  David T. Royse     .
COUNSEL FOR PLAINTIFFS

5

## CERTIFICATE OF SERVICE

This is to certify that this Pre-trial Memorandum has been electronically filed on this 6th day of April, 2007 with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to Hon. Ronald L. Green, Boehl, Stopher & Graves, 444 West Second Street, Lexington, KY 40507.

_/s/  David T. Royse_                .
COUNSEL FOR PLAINTIFFS

LEX 107818/123017/3496887.1