UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| RICHARD WEYLAND AND JENNIFER WEYLAND | | PLAINTIFF |
| VS. | **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTIONS IN LIMINE** | NO. 05-375-JBC |
| PETER BIRKHOLZ AND BIRKHOLZ & COMPANY | | DEFENDANTS |

MAY IT PLEASE THE COURT:

The written memorandum is respectfully submitted by the Defendants, Peter Birkholz and Birkholz & Company, in Support of their Motions in Limine, concerning the exclusion from evidence any testimony, comments, arguments, or reports of the Plaintiffs and/or their experts, and the exclusion from evidence any testimony, comments, arguments, or reports that mention or reference any of the following enumerated matters:

**MATTERS TO EXCLUDE**

1. Whether the Plaintiffs Expert may Testify Concerning the Prejudgment Interest Rate.

2. Whether the Decision to Award Prejudgment Interest Should Rest With the Trial Court.

3. Whether the Plaintiffs Expert may Express an Opinion Concerning the Loss Sustained Without Accounting for the Value of the Benefits Plaintiffs will Enjoy as a Result of the Alleged Overpayments.

4. Whether the Plaintiffs Expert may Express an Opinion Concerning the Loss Sustained Without Accounting for the Value of the Benefits Plaintiffs will Enjoy as a Result

of the Alleged Overpayments.

5. Whether the Plaintiffs Expert may Express an Opinion Concerning the Loss Sustained Without Accounting for the Value of the Benefits Plaintiffs will Enjoy as a Result of the Alleged Overpayments.

6. Whether any Evidence of Statements made by Mr. Smith to any Other Person Should be Excluded as Hearsay.

## STATEMENT OF CASE

This case involves claims by the Plaintiffs that the Defendants negligently prepared their tax returns for a number of years. The tax returns that are in question begin in 1986. From this point on the Plaintiffs filed annual income tax returns with the United States Government, prepared by the Defendants. The Plaintiffs paid social security taxes on Mr. Weyland's earnings as a ship captain. The Plaintiffs now claim that these social security taxes were not due, and that they are entitled to recover the amounts paid as well as reasonable prejudgment interest for these payments.

## ARGUMENT

**1.   Whether the Plaintiffs Expert may Testify Concerning the Prejudgment Interest Rate**.

The Plaintiff's expert, Calvin Cranfill prepared a report on the issues at hand. In this report amounts have been allocated for prejudgment interest at a rate that was determined by Mr. Cranfill. The Plaintiffs expert came up with a interest rate to use based on various factors, that exceeds the maximum statutory rate, when he should have followed statutory law. "In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest." *F.D.I.C. v. First Heights Bank*, 229 F.3d 528

(C.A.6 Mich. 2000) (also See *Clissold v. St. Louis-San Francisco Rwy. Co.,* 600 F.2d 35, 39 (6th Cir.1979). In discussing the rate to be used for prejudgment interest the Supreme Court of Kentucky found that a "trial court may award prejudgment interest at any rate up to 8%, or it may choose to award no prejudgment interest at all, but it may not exceed the legal rate of 8%." *Fields v. Fields*, 58 S.W.3d 464, 467 (Ky. 2001). This amount is to be used a maximum rate that may be imposed. It is within the Courts discretion to award a lower rate. It is Defendants contention that the Federal Rate for prejudgment interest should be applied, if it is determined that prejudgment interest is appropriate. The Kentucky rate has not been adjusted for current market conditions, while the federal statute provides for a more modern interest rate.

**2.   Whether the Decision to Award Prejudgment Interest Should Rest With the Trial Court.**

The pivotal case concerning prejudgment interest is *Nucor Corp. v. General Electric Co.* In this case, the trial court judge made the decision that prejudgment interest was not recoverable. The court stated "[t]here are significant reasons why the decision whether to award interest should rest with the trial court." *Nucor Corp. v. General Electric Co.,* 812 S.W.2d 136, 143 (Ky. 1991). The court found the damages to be unliquidated and stated that "[w]e agree with the trial court that the responsibility for deciding whether to award interest was one for the court, not the jury." *Id* at 144. "Thus, we conclude the decision whether to award interest under the Restatement (Second) of Torts § 913, or the parallel decision that must be made under Restatement (Second) of Contracts § 354, both involve 'judicial discretion,' not issues of fact for a jury to decide." *Id.*

From the *Nucor* case, Kentucky courts have regularly decided that "Kentucky law

provides that prejudgment interest is awarded when damages are liquidated. An award of prejudgment interest on unliquidated damages is at the discretion of the court." *Id.* at 142. "The longstanding rule in this state is that prejudgment interest is awarded as a matter of right on a liquidated demand, and is a matter within the discretion of the trial court or jury on unliquidated demands." *3D Enterprises Contracting Corp. v. Louisville and Jefferson County,* 174 S.W.3d 440, 450 (Ky. 2005), *(citing Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 141 (Ky. 1991)).

    In order to award prejudgment interest, a court will first have to determine whether the damages are liquidated or unliquidated. Liquidated claims have been described as being "of such a nature that the amount is capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards of value, or can be determined by reference to well-established market values." *3D Enterprises Contracting Corp. v. Louisville and Jefferson County,* 174 S.W.3d 440, 450 (Ky. 2005), (*quoting* 22 Am.Jur.2d DAMAGES § 469 (2004). Unliquidated damages are "[d]amages which have not been determined or calculated, . . . not yet reduced to a certainty in respect to amount." *Nucor*, 812 S.W.2d at 141, *quoting Black's Law Dictionary*, 1537 (6th ed. 1990).

    The Plaintiffs are requesting compensatory, expectation, reliance, and punitive damages. There is no way to establish what all these damages could potentially be with any reasonable certainty. In this particular case the damages have not been determined to be liquidated or unliquidated. The testimony and the report of Mr. Cranfill that will allege to prove the Plaintiffs are entitled prejudgment interest should be excluded from evidence.

This is an issue for the Court to determine and it should not be submitted to the jury.

When discussing prejudgment interest, the Kentucky Court of Appeals stated that "equity and justice demand that one who uses money or property of another ... should at least pay interest for its use in the absence of some agreement to the contrary." *University of Louisville v. RAM Engineering & Const., Inc.,* 199 S.W.3d 746, 748 (Ky.App. 2005),(*citing Curtis v. Campbell,* 336 S.W.2d 355, 361 (Ky. 1960). "This principle applies whether or not the amount owed to another is liquidated or unliquidated." *Id.* (*citing Dalton v. Mullins,* 293 S.W.2d 470 (Ky.1956)). With the facts at issue in this case, the Defendants did not use the money or property of the Plaintiff. The Plaintiffs' money went to pay their social security taxes from which they will receive a benefit. The Defendants did not have their money to use.

For the foregoing reasons, any testimony, comments, arguments or reports relating to Plaintiffs expert, Calvin Cranfill, concerning prejudgment interest should be excluded at trial.

**3. Whether the Plaintiffs Expert may Express an Opinion Concerning the Loss Sustained Without Accounting for the Value of the Benefits Plaintiffs will Enjoy as a Result of the Alleged Overpayments.**

The Complaint alleges that the Defendants were negligent in the preparation of tax returns, and they claim that they erroneously paid social security taxes as a result. The payment of social security taxes has a significant offsetting benefit. The Plaintiffs' expert, according to his report, intends to present an opinion concerning the loss sustained by the overpayment of social security taxes. This opinion should also contain information concerning the value of the benefits of paying social security taxes and that the measure

of damages must be the difference between them. The Plaintiffs expert should not be allowed to express an opinion of the loss sustained without including this offsetting evaluation, because such an opinion does not relate to the actual measure of damage.

**4.    Whether any Witness from the IRS Should be Allowed to Testify.**

The IRS was subpoenaed concerning this case and refused to honor the subpoena that was properly served. In the event Cindy Fyffe or any other IRS agent is intended to be called as a witness, they should not be allowed to testify since they refused to be a part of the discovery process. The same applies if they now produce documents.

**5.    Whether any Evidence of the IRS Determination Should be Excluded from Evidence.**

The IRS was subpoenaed concerning this case and refused to honor the subpoena that was properly served. Any evidence that concerning the IRS determination of liability of the Plaintiffs for social security taxes should be excluded from evidence. Neither the Defendants, nor Plaintiffs have the information and documentation that was available to the IRS to make their determination. Absent evidence that the IRS considered the same proof before the Court now, any determination is not relevant to this case.

**6.    Whether any Evidence of Statements made by Mr. Smith to any Other Person Should be Excluded as Hearsay.**

Pursuant to Federal Rule of Evidence 802, evidence of any statements made by Mr. Smith to any other person should be excluded from evidence as not admissible. He is out of state, and has been uncooperative during this case. Defendants do not anticipate that he will be at trial.

        BOEHL, STOPHER & GRAVES
        444 West Second Street
        Lexington, KY 40507
        Telephone: (859) 252-6721

        BY: s/ Ronald L. Green
            RONALD L. GREEN
            ATTORNEYS FOR THE DEFENDANTS,
            PETER BIRKHOLZ AND BIRKHOLZ &
            COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify on April 6, 2007, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Hon. David T. Royse
    STOLL, KEENON & PARK, LLP
    300 West Vine Street
    Suite 2100
    Lexington, KY 40507

        BY: s/ Ronald L. Green
            RONALD L. GREEN