UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CIVIL ACTION NO. 05-375-JBC

*Electronically Filed and Hand-Delivered*

RICHARD WEYLAND and
JENNIFER WEYLAND,                                                                    PLAINTIFFS

V.        **PLAINTIFFS' MOTION IN LIMINE TO
           EXCLUDE CERTAIN EXHIBITS**

PETER BIRKHOLZ and
BIRKHOLZ AND COMPANY,                                                           DEFENDANTS.

\* \* \* \* \* \*

Plaintiffs Richard and Jennifer Weyland, by counsel and pursuant to paragraph (8) of the Court's Order of November 13, 2006, respectfully move for certain exhibits identified in Defendants' pre-trial exhibit list to be excluded from evidence as set forth below:

**1.        Group Exhibits**

This objection pertains to those items in Defendants' Exhibit List numbered 1 through 18, 37 and 38.

Defendants' Exhibit List includes several large groups of documents identified as single exhibits. For example, 655 documents produced by the Weylands are listed as one exhibit ("No. 1"). All 226 documents produced by Tidewater, Inc. are listed as one exhibit ("No. 2"). Each year's tax file possessed by Mr. Birkholz is listed as a single exhibit ("No. 3" through "No. 18").

Plaintiffs understand that Defendants have grouped these documents for purposes of efficient pretrial identification. For purposes of trial, however, Plaintiffs object to the admission of any document that is not relevant and admissible in and of itself, and object to jury reviewing any document not admitted to evidence.

**2.    Tax Code Documents**

This objection pertains to those items in Defendants' Exhibit List numbered 21, 27, 28, 29, 30, 31, 32, 33, 34, and 35.

The application of tax code provisions for calculating any taxes on Mr. Weyland's earnings is a matter of law, not a matter of fact. Defendants intend to introduce tax code provisions, CCH sections on treatment of income, Congressional reports on tax laws, tax court opinions, and similar matters which are clearly legal in nature. Defendants should not be permitted to introduce exhibits to the jury regarding what they or their counsel believe the tax code means or what it should mean, as these are clearly legal matters for the Court.

In addition and alternatively, to the extent Defendants intend to introduce these items to demonstrate that a tax preparer could have reasonably relied on these other provisions even if that tax treatment was ultimately incorrect, they should not be admitted because there is no evidence whatsoever that Defendants ever reviewed, researched, analyzed or decided to apply these provisions with respect to the Weylands' returns. Instead, they are the foundations of a *post hac* opinion by Defendants' expert which the expert admits was not necessarily the analysis performed by Mr. Birkholz.

**3.    Letter to IRS**

This objection pertains to item number 19 in Defendants' Exhibit List.

Defendants apparently intend to offer into evidence a letter their counsel sent to the IRS requesting information. This letter is not factual evidence of anything relevant to the case and should be excluded.

4.  **Social Security Calculators and Similar Documents**

This objection pertains to those items in Defendants' Exhibit List numbered 23, 24, 25 and 26.

These documents are certain social security calculation tools, life expectancy and interest rate tables used by *defense counsel* to make certain projections about potential social security benefits the Weylands might enjoy. Defendants have moved for the Court to take judicial notice of these items. It is believed that Defendants would concede these documents are not admissible without the exercise of judicial notice. Plaintiffs object to the admission of these materials as proposed, and will address the arguments of Defendants in a response to Defendants' Motion to Take Judicial Notice.

5.  **FRE 402 and/or 403**

As permitted by paragraph (8) of the Court's Order of November 13, 2006, Plaintiffs reserve all objections they may have to admission of any exhibit under FRE 402 and/or 403.

        Respectfully submitted,

        David T. Royse
        Lynn Sowards
        STOLL KEENON OGDEN PLLC
        300 West Vine Street, Suite 2100
        Lexington, KY 40507
        Ph. (859)231-3000
        Fax (859)253-1093

        /s/ David T. Royse_____
        COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

     This is to certify that the foregoing has been electronically filed on this 13th day of April, 2007, with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to Hon. Ronald L. Green, Boehl, Stopher & Graves, 444 West Second Street, Lexington, KY 40507.

                                         /s/ David T. Royse_____
                                         COUNSEL FOR PLAINTIFFS

LEX 107818/123017/3501175.1