UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CIVIL ACTION NO. 05-375-JBC

*ELECTRONICALLY FILED*

RICHARD WEYLAND and
JENNIFER WEYLAND,                                                                                  PLAINTIFFS


V.          **PLAINTIFFS' RESPONSE
     TO DEFENDANTS' MOTION TO TAKE JUDICIAL NOTICE**


PETER BIRKHOLZ and
BIRKHOLZ AND COMPANY,                                                                          DEFENDANTS.

\* \* \* \* \* \*

Pursuant to the Court's Order of April 30, 2007 (DE 72), Plaintiffs, by counsel, respond to Defendants' Motion to Take Judicial Notice (DE 63) as follows:

The Weylands concede that, in the appropriate context, each item of which Defendants request judicial notice may be judicially noticed, because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, a judicially noticed fact must also be relevant. Fed. R. Evid. 402; People v. Rowland, 841 P.2d 897, 916 n.6 (Cal. 1992). None of the items offered by Defendants is relevant to the instant dispute, and they are therefore inadmissible and not proper for judicial notice.

The "official conversion tool for past payments" offered by Defendants and found at http://data.bls.gov/cgi-bin/cpicalc.pl is actually an "inflation calculator." Defendants offer this calculator to establish the amount of taxes the Weylands overpaid. However, this calculator

determines the increase in price of goods and services over time. It does not determine the value of the use of money, which is what is relevant to the Weylands' damages.

According to information accessed on the website, "The CPI inflation calculator uses the average Consumer Price Index for a given calendar year. This data represents changes in prices of all goods and services purchased for consumption by urban households." For example, the calculator *does* determine that with $100 in 1980, one could purchase what would cost $250.83 today. But it *does not* indicate how much money one would have today if one had invested $100 in 1980. The difference is significant: even without adding to the principal of that investment and earning only 5% interest compounded once annually, over 28 years $100 becomes $373.35. http://www.webmath.com/compinterest.html, last visited June 4, 2007. The Weylands urge this Court to find that the Weylands' damages include the value of the use of their money and that the Inflation Calculator – which reflects only inflation over time – is irrelevant to the dispute.

Even if the Court did judicially notice the effect of inflation on a sum of money over time, Defendants also implicitly ask the Court to judicially notice that the Weylands' damages can be determined by using the Inflation Calculator. The Court cannot judicially notice that "fact," because it is disputed. Fed. R. Evid. 201(b). The Weylands dispute the utility of an Inflation Calculator in this case, and they submit that the proper method for calculating their damages is by determining the value of the use of their money, which was lost between the time of the overpayments and now. Therefore, judicial notice that the Weylands' damages can be calculated by using the Inflation Calculator and of any information gleaned from its use is improper.

Each of the remaining three items of which Defendants have requested judicial notice is offered in support of Defendants' argument that the Weylands have not been damaged by

Defendants' negligence, because they may receive social security benefits in the future. Plaintiffs do not dispute the reliability of the social security publication, the social security benefits calculator, or the CDC life expectancy table, but the inherent flaw in Defendants' analysis is that the projected benefits are expressly *not* guaranteed and are entirely subject to changes in the law and the satisfaction of certain qualifying criteria that the Weylands may or may not achieve.

As discussed in the Weylands' memorandum of law regarding offsetting damages, any potential future benefit to which the Weylands will be entitled is irrelevant to and inadmissible in this case. As more fully addressed in Plaintiffs' memorandum, Defendants are not entitled to reduce their liability for the Weylands' overpayments by the amount of social security benefits the Weylands may receive if and when they reach old age or become disabled. Therefore, these facts cannot be judicially noticed by the Court in this case.

        Respectfully submitted,

        David T. Royse
        Lynn Sowards
        STOLL KEENON OGDEN PLLC
        300 West Vine Street, Suite 2100
        Lexington, KY 40507
        Ph. (859)231-3000
        Fax (859)253-1093

        /s/ David T. Royse_____
        COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been electronically filed on this the 5th day of June, 2007, with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to Hon. Ronald L. Green, Boehl, Stopher & Graves, 444 West Second Street, Lexington, KY 40507.

/s/ David T. Royse_____
COUNSEL FOR PLAINTIFFS

LEX 107818/123017/3511411.1