UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CIVIL ACTION NO. 05-375-JBC

*ELECTRONICALLY FILED*

RICHARD WEYLAND and
JENNIFER WEYLAND,                                                          PLAINTIFFS

V.        **PLAINTIFFS' MOTION IN LIMINE TO
          EXCLUDE CERTAIN EXPERT TESTIMONY**

PETER BIRKHOLZ and
BIRKHOLZ AND COMPANY,                                                      DEFENDANTS.

* * * * * *

Plaintiffs Richard and Jennifer Weyland previously filed a Motion in Limine to Exclude Certain Exhibits. (DE 70.) Plaintiffs now move, pursuant to the Court's Order of April 30, 2007 (DE 72), to exclude certain expert testimony offered by Defendants, as set forth below.

**Expert Testimony of W. Thomas Cooper**

Defendants have identified W. Thomas Cooper as their expert to testify regarding the tax issues in this case and the degree of care exercised by Defendants. Plaintiffs respectfully submit that the Court should preclude any testimony from Mr. Cooper regarding the legal question of the applicable tax code provisions in this case. In his expert opinion and his deposition, Mr. Cooper has indicated that he plans to testify that 28 USC § 3121(b)(4) has absolutely no application to this case and that any factual issues regarding Mr. Weyland's entitlement to the FICA tax exemption are wholly immaterial. (Cooper Report at 2, Exhibit "A;" Cooper Depo. at 48:19-49:1, Exhibit "B.") Mr. Cooper intends to testify that Mr. Weyland was "self-employed" as a matter of law for purposes of the tax code and therefore was liable for self-employment tax pursuant to 28 USC § 1401. (Cooper Report at 2; Cooper Depo. at 31:2-12.)

Mr. Cooper should be precluded from offering this opinion because: (a) it constitutes a legal conclusion, which is for the Court not the jury, and therefore his testimony is wholly irrelevant to the trial of this case; and (b) Mr. Cooper's legal opinion is directly contrary to the determination by the IRS in this very case; the letter and memorandum sent by Defendant Peter Birkholz to the Weylands specifically acknowledging the applicability of 28 USC § 3121 (Exhibit "C"); and, most importantly, this Court's ruling on this very issue in its Opinion and Order of March 26, 2007 (DE 42). In that ruling, which was fully briefed by both parties, the Court held that Mr. Weyland was *not* self-employed or an independent contractor, as argued by Defendants. (Id. at 11-12.) Moreover, the Court recognized that Section 3121 and *not* Section 1401 was applicable to this case, as a matter of law. (The Court refrained from granting Plaintiffs' motion in full because the Court believed there were still remaining factual issues about whether Mr. Weyland fully satisfied Section 3121(b)(4).) The Court's ruling constitutes the law of this case and Defendants should not be permitted to attempt to introduce expert testimony to the contrary on a purely legal issue.

Defendants have suggested that this testimony by Mr. Cooper is intended to be offered, in part, just to demonstrate that a reasonable tax expert could have come to a conclusion that Mr. Weyland did owe the tax. In other words, the Defendants intend to put on an expert to tell the jury an incorrect interpretation of the tax code to demonstrate it is reasonable. Aside from its facial impropriety, this attempt by Defendants is particularly misguided because Mr. Birkholz himself never analyzed the issue in the manner Mr. Cooper has suggested. This is admitted by both Mr. Birkholz and Mr. Cooper. (Birkholz Depo. at 109:8-110:7, 121:10-123:13, Exhibit

"D";[1] Cooper Depo. at 44:4-14.) As noted above, Mr. Birkholz sent the Weylands a letter with attached analysis for "his file" specifically discussing the applicability of § 3121(b)(4).

The Court should preclude Defendants from offering any testimony by Mr. Cooper that suggests that the applicable tax code provision at issue here is anything other than § 3121(b)(4).

                Respectfully submitted,

                David T. Royse
                Lynn Sowards
                STOLL KEENON OGDEN PLLC
                300 West Vine Street, Suite 2100
                Lexington, KY 40507
                Ph. (859)231-3000
                Fax (859)253-1093

                /s/ David T. Royse_____
                COUNSEL FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been electronically filed on this 5th day of June, 2007, with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to Hon. Ronald L. Green, Boehl, Stopher & Graves, 444 West Second Street, Lexington, KY 40507.

                /s/ David T. Royse_____
                COUNSEL FOR PLAINTIFFS

LEX 107818/123017/3501172.1

---

[1] The relevant excerpt is attached to this Memorandum. The full transcript is attached to Plaintiffs' Motion for Summary Judgment, DE 29, as Appendix C.