UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CIVIL ACTION NO. 05-375-JBC

*ELECTRONICALLY FILED*

RICHARD WEYLAND and
JENNIFER WEYLAND,                                                                        PLAINTIFFS

V.     **PLAINTIFFS' MEMORANDUM OF LAW
       REGARDING THE STATUTE OF LIMITATIONS**

PETER BIRKHOLZ and
BIRKHOLZ AND COMPANY,                                                                    DEFENDANTS.

\* \* \* \* \* \*

The Court has denied Defendants' Motion for Summary Judgment based on the statute of limitations as untimely. (Order of 4/12/07, DE 69.) Defendants have indicated they intend to attempt to raise the issue again at trial, perhaps in a motion for directed verdict. The Court has indicated it would be helpful to have the matter briefed in the event the issue is raised at trial, and Plaintiffs believe the Court ordered that any such briefing be submitted by June 5, 2007 (one week after the parties' first settlement conference). (Order of 4/30/07, DE 72.) Plaintiffs therefore submit this Memorandum of Law on the issue.

**FACTUAL BACKGROUND**

Peter Birkholz began preparing the Weylands' tax returns in the early 1980s, when the Weylands lived in Massachusetts. The Weylands moved to New Jersey later in the 1980s, and they finally moved to Cynthiana, Kentucky, in the mid-1990s. Mr. Birkholz continued to prepare the Weylands' tax returns through the 2002 tax year. (Richard Weyland Depo. at 40-43,

Exhibit "A."[1])  In August 2003, a telephone conversation between Mr. Birkholz and Ms. Weyland revealed that Mr. Weyland might not be subject to FICA tax if he worked for a foreign company.  The Weylands subsequently confirmed that Mr. Weyland worked for a foreign company.  (Jennifer Weyland Depo. at 168:14-171:11; 174:5-175:24, Exhibit "B."[2])  Although uncertain whether the FICA tax exemption in fact applied, Mr. Birkholz testified that he prepared and filed an amended tax return on the Weylands' behalf for tax year 1999 in order to protect their right to a refund.  (1999 Amended Tax Return, Exhibit "C"; Peter Birkholz Depo. at 110:17-111:3, Exhibit "D."[3])

The IRS audited the amended return, and Mr. Birkholz remained involved with the Weylands' representation through at least September 2004.  The IRS eventually notified the Weylands by letter on January 19, 2005, that the amended return had been approved and a full refund for tax year 1999 would be issued.  (Exhibit "E.")  The same error – that, in Mr. Birkholz's words, "Claimant (Richard Weyland) initially filed return subjecting Foreign wages to self employment tax.  Claimant captains a non American vessel that does not dock at a US port and works for a foreign employer" – was made in each of the returns that Mr. Birkholz prepared for the Weylands since 1986.

The Weylands filed this action on August 5, 2005.

## STANDARD OF REVIEW

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477

---

[1] The relevant excerpt is attached to this Memorandum.  The full transcript is attached to Plaintiffs' Motion for Summary Judgment, DE 29, as Appendix A.

[2] The relevant excerpts are attached to this Memorandum.  The full transcript is attached to Plaintiffs' Motion for Summary Judgment, DE 29, as Appendix B.

[3] The relevant excerpts are attached to this Memorandum.  The full transcript is attached to Plaintiffs' Motion for Summary Judgment, DE 29, as Appendix C.

U.S. 317 (1986). The non-moving party can avoid summary judgment by coming forward with evidence on which the jury could reasonably find in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). In ruling on a motion for summary judgment, the Court must view all of the evidence in the light most favorable to the party opposing summary judgment. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ARGUMENT

Defendants argue that the Kentucky statutes of limitation apply to the claims in this case and that the one-year limitation period of KRS 413.245 bars the claims. Defendants are incorrect for a number of reasons.

### A.     KRS 413.245 does not apply to this action.

First, this action is not governed by KRS 413.245.

KRS 413.245 states:

> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured. Time shall not commence against a party under legal disability until removal of the disability.

KRS 413.243 defines "professional services":

> As used in KRS 413.245, "professional services" means any service rendered in a profession required to be licensed, administered and regulated as professions in the Commonwealth of Kentucky, except those professions governed by KRS 413.140.

Defendants suggest that Mr. Birkholz's certification as an accountant in Massachusetts qualifies him as a "professional" for purposes of the Kentucky professional service malpractice statute of limitations quoted above. At the same time, Defendants have gone to great lengths to

point out that Mr. Birkholz's services to the Weylands were in the nature of professional tax preparation and *not* accounting, and thus, have argued for a more limited standard of care.

The Weylands dispute that the services rendered by Defendants qualify under Kentucky's professional service malpractice statute of limitations. There is no case in Kentucky holding, or even suggesting, that a tax preparer falls within the plain language of KRS 413.243 and 413.245. Tax preparers are *not* required to be licensed in Kentucky, nor is the profession administered or regulated in the Commonwealth. Thus, the Kentucky professional negligence statute of limitations does not apply. Instead, either the general negligence statute of Kentucky (5 years for actions injury to the plaintiff's rights, "not arising on contract and not otherwise enumerated," KRS 413.120(7)) or Massachusetts (3 years for "actions of tort," Mass. Gen. Laws, Part III, Title V, Ch. 260 § 2A) applies. The Weylands filed their action well within both the Massachusetts three-year statute of limitations and the Kentucky five-year negligence statute of limitations, and Defendants' Motion for Summary Judgment should therefore be denied.

To the extent the Court agrees that either of the three-year Massachusetts statute of limitations or the five-year statute of Kentucky applies, there is not even an argument by Defendants that the Weylands' claim is time-barred and thus, the Court need read no further. Nevertheless, because this issue will likely not be taken up until trial, in an abundance of caution Plaintiffs feel obligated to address all the alternative reasons this case is not time-barred. By addressing these arguments, Plaintiffs do not intend to suggest in any way that the answer is not as simple and straightforward as set forth above.

      **B.**    <u>**Even if KRS 413.245 applies to this action, the action was timely filed.**</u>

Even assuming arguendo that the Weylands' claim was governed by Kentucky's professional malpractice statute, the claim must have been filed "within one (1) year from the

date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured." KRS 413.245. Even then, the Complaint was timely filed. Under KRS 413.245, the one-year statute of limitations begins to run on *the latter* of (a) the date of the "occurrence;" or (b) the date of "discovery." Pedigo v. Breen, 169 S.W.3d 831, 833 (Ky. 2004). The Weylands instituted this action within one year of *both* the occurrence and the date of discovery.

### 1. The "Discovery" Rule

The discovery prong of the statute is a codification of the common-law principle that although a cause of action has accrued, if it is not reasonably discoverable, the statute of limitations is tolled until the claimant knows or should reasonably know that injury has occurred. Michels v. Sklavos, 869 S.W.2d 728, 732 (Ky. 1994). When the Weylands knew or should have known that Mr. Birkholz's negligence had caused them harm is *at best* a factual issue that should not be determined on summary judgment. See Imes v. Touma, 784 F.2d 756, 759 (6th Cir. 1986). However, as set forth below, the undisputed facts of this case demonstrate that the action is not time-barred as a matter of law.

Under the "continuous representation" rule – a branch of the discovery rule that has been adopted by the Kentucky Supreme Court in professional malpractice cases – "there can be no effective discovery of the negligence so long as the relationship prevails." Alagia, Day, Trautwein & Smith v. Broadbent, 882 S.W.2d 121, 125 (Ky. 1994). This rule recognizes the professional's superior knowledge of the particular field and the client/patient's dependence thereon. Id. (legal malpractice); Harrison v. Valentini, 184 S.W.3d 521, 525 (Ky. 2005) (medical malpractice). The rule also affords the professional and client an opportunity to remedy the wrong without litigation. Harrison, 184 S.W.3d at 524-25; Broadbent, 882 S.W.2d at 125. The

continuous representation rule applies in these contexts because of the nature of the relationships and because the relationships continue well after the commission of a negligent act by the professional.  See Louisville/Jefferson County Metro Gov't v. HNTB Corp., 2007 WL 1100743, at *5 (W.D. Ky. Apr. 11, 2007) (slip copy).

If the professional malpractice statute of limitations applies to this case, then the "continuous representation rule" likewise applies.  Just as "[o]ne who possesses no medical knowledge should not be held responsible for discovering an injury based on the wrongful act of a physician," Harrison, 184 S.W.3d at 525, the Weylands, who possess no specialized knowledge whatsoever about the tax code or tax preparation, should not be held responsible for discovering an injury based on the negligence of their tax preparer.  See Chisolm v. Scott, 526 P.2d 1301, 1303 (N.M. Ct. App. 1974) ("A person needs special training to know whether his tax return has been erroneously prepared.")  The Weylands had a right to rely on Defendants' skill and knowledge, and their "ability to make an informed judgment as to negligent treatment" was impaired for the duration of their relationship with Defendants.  See Harrison, 184 S.W.3d at 525.

Defendants did not withdraw from representing the Weylands until *at least* September 7, 2004.  In a letter on that date, Mr. Birkholz wrote: "I will always appreciate our relationship but it is time for me to withdraw from representing you *in the future*.  *Once I am finished with the 1999 return* my engagement *will be* completed."  (9/7/04 Letter, Exhibit "F.") (emphasis added).  Mr. Birkholz clearly contemplated termination of the relationship at some time in the future, but he understood that it continued to exist at that time.  Mr. Birkholz acknowledged he had *not* been disengaged as of September 9, 2004.  (Email Correspondence, Exhibit "G.")  On September 10, 2004, Mr. Birkholz described himself as being "in the middle of representing the Weyland's

6

[sic]." Id. As of September 14, 2004, Mr. Birkholz still remained "ready willing an[d] able to help" with the IRS audit. Id.

Pursuant to the continuous representation rule, the continuation of the Weylands' professional relationship with Defendants "ha[d] the effect of preventing discovery of a character necessary to commence the running of the statute of limitations" until at least September 7, 2004. See Harrison, 184 S.W.3d at 525. This action was filed on August 5, 2005, less than one year after the termination of the professional relationship, and it was therefore timely commenced.

Moreover, even putting the continuous representation rule aside, the Weylands' Complaint was timely filed because it was filed within one year of the date on which they knew or reasonably should have known they had been legally injured (without regard to Defendants' continued representation of them). With respect to a cause of action, "injury" is distinct from "harm." An "injury" is "[t]he violation of another's legal right, for which the law provides a remedy; a wrong or injustice." Black's Law Dictionary 789 (8th ed.); see also Wiseman v. Alliant Hosp., Inc., 37 S.W.3d 709, 712 (Ky. 2001) (defining injury as "the invasion of any legally protected interest of another," or, in the medical malpractice context, "the malpractice itself"). "Harm" consists simply of "[i]njury, loss, or detriment." Black's Law Dictionary at 722; see also Wiseman, 37 S.W.3d at 712 (defining "harm" as "the existence of loss or detriment in fact of any kind to a person resulting from any cause").

While Defendants are correct that the Weylands "knew each year that they had paid social security taxes as they signed each return and filed same," (Defendants' Motion for Summary Judgment, DE 61 at 1) the conscious payment of taxes in and of itself certainly did not commence the running of the statute of limitations. Rather, the statute of limitations did not begin to run until the Weylands knew or reasonably should have known they had been "injured"

– in other words, until they knew or should have known that Defendants violated their legal right to have their taxes competently and professionally prepared, and that the violation materially injured them. It was not until January of 2005, when the IRS ruled that the Weylands were not liable for social security taxes for the 1999 tax year, that the Weylands knew or should have known that Defendants had negligently prepared their tax returns and that they had, in fact, suffered injury. Thus, under the plain language of KRS 413.425, this action was timely filed.

    **2.**     **The "Occurrence" Rule**

Alternatively, and in addition to the reasons set forth above, the Weylands' action was timely filed because it was commenced within one year of the "occurrence" from which it arises. Pursuant to the "occurrence" prong of KRS 413.245, "[a] professional negligence claim does not accrue until there has been a negligent act and until reasonably ascertainable damages are incurred." Pedigo, 169 S.W.3d at 833, citing Faris v. Stone, 103 S.W.3d 1, 5 (Ky. 2003). Damages become reasonably ascertainable only when "the injury becomes definite and non-speculative." Pedigo, 169 S.W.3d at 833.

The Plaintiffs in Broadbent sued for negligent legal representation with respect to estate planning after they were determined to owe the IRS $3,500,000 for gift taxes, penalties, and interest. Broadbent, 882 S.W.2d 121. The tax deficiency was assessed and there was a certainty that the plaintiffs would owe *some* amount of money at least one year prior to filing suit. Id. at 123. The court ruled that the cause of action did not accrue until the plaintiffs finally settled their claim with the IRS, because until that time, the damages caused by the malpractice were only speculative. Id. at 125-6.

Likewise, in a case based on negligent performance of a title examination, although the mortgagee obtained an appraisal and feared it would suffer a loss on the mortgaged property

more than one year prior to filing suit, the Court held that the statute of limitations did not begin to run until the property was actually sold and that fear was in fact realized. Meade County Bank v. Wheatley, 910 S.W.2d 233, 234-35 (Ky. 1995). Where legal malpractice occurs in the course of litigation, the critical point is reached when the underlying litigation becomes final. Pedigo, 169 S.W.3d at 833.

     Defendants rely primarily on and quote extensively from Graham v. Harlin, Parker & Rudloff, 664 S.W.2d 945 (Ky. Ct. App. 1984), in support of their position that the statute of limitations in this case began to run when the unnecessary taxes were paid, as opposed to when the IRS made its final determination with respect to the 1999 tax year. The Court of Appeals in Graham held that the statute of limitations for the plaintiff's legal malpractice claim began to run on the date that a tax deficiency was first assessed, as opposed to the date on which there was a final determination by the U.S. Tax Court that a subsequent amendment to the plaintiff's divorce decree was not retroactive for tax purposes. Id. at 947. ***That portion of Graham – which is the portion on which Defendants rely – was expressly overruled by the Supreme Court in Broadbent.*** Deciding that the statute of limitations in that case had been tolled until the IRS settled with the plaintiffs on the underlying claim, the Supreme Court held that "[u]ntil the legal harm became fixed and non-speculative, the statute did not begin to run …. **We hereby overrule Graham** … to the extent it differs herewith." Broadbent, 882 S.W.2d at 125 (emphasis added). If Graham had been decided after Broadbent, the result would necessarily have been that the statute of limitations did not begin to run until the tax court determined that the amendment to the divorce decree was not retroactive as to tax liability. Graham cannot be used to support Defendants' argument, and the subsequent decision in Broadbent dictates that the statute of

9

limitations in this case could not have begun to run until after the IRS finally determined that Mr. Birkholz had erred in failing to invoke the social security tax exception as to the Weylands.

Just as in Broadbent and Wheatley, the fact that the Weylands suspected they had overpaid their social security taxes does not mean that their cause of action had yet accrued. Until the IRS returned a favorable result after its audit of the Weylands' 1999 tax returns, any damages from Defendants' negligence were speculative. Only when the IRS determination was made did it become certain that the Weylands, but for Defendants' negligence, would not have been liable for social security taxes.[4] Because that determination was not made until January 2005, there was no "occurrence" prior to that date, and the Weylands' action, filed on August 5, 2005, was clearly filed within one year of the "occurrence."

## CONCLUSION

This action was timely filed as a matter of law. It was timely filed under the Kentucky 5-year general negligence statute of limitations, the Massachusetts 3-year negligence statute of limitations, and the Kentucky 1-year professional malpractice statute of limitations.

                                      Respectfully submitted,

                                      David T. Royse
                                      Lynn Sowards
                                      STOLL KEENON OGDEN PLLC
                                      300 West Vine Street, Suite 2100
                                      Lexington, KY 40507
                                      Ph. (859)231-3000
                                      Fax (859)253-1093

                                      /s/ David T. Royse_____
                                      COUNSEL FOR PLAINTIFFS

---

[4] Defendants contend that if the IRS determination was essential to the accrual of the action, then the claims as to all years other than 1999 must be dismissed as unripe. This argument is without merit. Defendants made the same mistake each tax year; the IRS determination for 1999 is therefore sufficient to render definite the injury done in all other years.

**CERTIFICATE OF SERVICE**

This is to certify that this Memorandum of Law has been electronically filed on this 5th day of June, 2007, with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to Hon. Ronald L. Green, Boehl, Stopher & Graves, 444 West Second Street, Lexington, KY 40507.

/s/ David T. Royse_____
COUNSEL FOR PLAINTIFFS

LEX 107818/123017/3511303.1