UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| RICHARD WEYLAND AND JENNIFER WEYLAND | | PLAINTIFF |
| VS. | **MOTION IN LIMINE - DEFENDANTS' OBJECTIONS TO THE VIDEO DEPOSITION OF MARINUS QUIST** | NO. 05-375-JBC |
| PETER BIRKHOLZ AND BIRKHOLZ & COMPANY | | DEFENDANTS |

Comes the Defendants, Peter Birkholz and Birkholz & Company, by counsel, and hereby respectfully moves the Court to enter an Order prohibiting Plaintiffs from presenting any evidence or testimony at the trial of the above-styled action as it relates to the following enumerated matters, or in the alternative enter an Order instructing the Plaintiffs, their representatives, and their witnesses to refrain from making any direct or indirect mention whatsoever at trial before the jury of the matters enumerated hereinafter, without first obtaining permission from the court outside the presence of the hearing of the jury: objections to the video deposition of Marinus Quist, whose deposition was taken on April 9, 2007.

**OBJECTIONS TO THE VIDEO DEPOSITION OF MARINUS QUIST**

**1.     Object as Hearsay.  Testimony being offered to prove the truth of the matter asserted.  Page 23 Line 25 - Page 24 Line 11.**

A.     And I can mention to you that from 1986 until I think January well, December 31, 2004, Tidewater Crewing made no payroll deductions of any kind of taxation. The theory, as that Tidewater Crewing did no business within the United States and therefore was not

subject to withholding requirements of the IRS and left it up to each employee to decide whether or not he needed to pay any kind of taxation in the United States, because this was for work that took place outside the United States.

MR. GREEN: Object.

**2.   Object for Lack of Personal Knowledge and Speculation. Page 36 Line 17 - Page 37 Line 20.**

MR. ROYSE: I'll hand you Exhibit 15 (handing documents to witness and Mr. Green) And I will tell you that this is kind of a composite exhibit. It has five or six pages attached, which are all similar. So I'm just making them one exhibit.

BY MR. ROYSE:

Q.   And I'll just ask if you know, generally, what these things are.

A    It would appear that these are receipts for training courses given to Richard Weyland to either maintain his license or perhaps to upgrade his license. And they're billed to Tidewater Marine, Inc. as the party to pay the bills.

But again, this could have easily and this is the sort of thing where if this is coded to Tidewater Marine, Inc., it would turn right around and be coded to Tidewater Crewing, I would think. You'd have to ask the accountants.

But, you know, the paying party would act simply as an agent on behalf of the employer.

Q    Okay. Again, same question, does this change your what you've stated at all as to the fact that Tidewater Crewing Limited was the employer of Richard Weyland?

A    This does not change that determination or that position in any way.

**3.   Object to Form. Page 46 Line 16 - Page 47 Line 8.**

Q.     I think you said it was attributable to haste and inadvertent oversight.

Should anyone rely on this initial Certificate of Resolution to determine who Mr. Weyland's employer, in fact, was?

A     No. It's wrong.

MR. GREEN: Just object to the form. I'm sorry. Go ahead. I'm sorry.

MR. ROYSE: Ron, if you'll tell me what the objection is, I may clean it up.

MR. GREEN: No. It's just that I don't think he has any business saying what anybody should rely on. He can talk about his opinion, but.

4.     **Object as Hearsay.  Testimony being offered to prove the truth of the matter asserted.  Page 96 Line 9 - Page 99 Line 17.**

Q     Do you know why that decision was made?

A     Well, David asked me why that decision was made, and I called our tax department and this is the explanation they gave me, which I'm not a tax expert, but let me see if I can refresh my memory here.

Q     I think we can all certify that everybody in this room is not that.

A     He said it was a voluntary election as a result of the passage in 2004 of a very important piece of tax legislation, on which I worked, by the way, which restored what was called the Foreign Shipping Income Exclusion.

Without going into a whole lot of detail, that holding companies headquartered in the United States that had foreign shipping income, which has to meet certain definitions, prior to well, let's say sometime in the 1980s, could exclude their foreign shipping income and not report it as subject to U.S. income tax.

Gradually Congress took that away. So in more recent times this was greatly affecting the number of shipping holding companies headquartered in the United States. Seventy-five percent of the tonnage that was I think you've probably heard the word U.S. controlled, the Liberian, Panamanian shipping companies headquartered, let's say in New York, that controlled a great number of ships, the so-called U.S. controlled fleet shrank by 75 percent and all these holding companies moved overseas, because they said why should we subject our foreign shipping income to U.S. taxation, they took that away from us.

And so this law that was passed in 2004, to stem this exodus, restored that. I don't know all the details, but part of that process required then that the holding companies' subsidiaries do the withholding of federal income tax and FICA on any U.S. employees working overseas.

Q      Was that a change in statute or a change in or is that something that the IRS dictated?

And let me show you something that

MR. GREEN: And, David, you might want to look. This is page 28 from the 2005 annual report, and it talks about foreign sales corporation.

BY MR. GREEN: Q Is that what you're talking about?

A      No. That's a different subject.

Q      What's a foreign sales corporation?

A      Well, I'm not a tax expert, and we do have some we do get involved in that. But, no, I'm talking about the Foreign Shipping Income Exclusion. That's a different subject.

Anyway, I'm not a tax expert. I consulted, at your request, our tax director to find out

why we started doing this.

Q    Okay. And he says

A    And he basically said it was a voluntary election so that we can participate in the exclusion of foreign shipping income.

Q    Do you have any notes from that conversation?

A    On the back of a sheet of paper I wrote, Voluntary - -

Q    Did you - -

A    Substantial assistance, I think that was the other buzz word he used. The holding companies are required to provide substantial assistance in the collection of taxes, U.S. taxes.

I wrote voluntary election, catalyst was the tax law change. The tax law changed in 19- in 2004.

Q    Did he tell you what law, what statute, or anything like that?

A    Well, I worked on it, and it was called the Jobs Act, J-o-b-s. That's what the Senate called it. If you do a common name search, you'll find it.

The other thing to do is to depose our tax director and ask him.

Q    We don't want to do that.

A    His name is Kevin Carr.

Q    Okay.

A    I did the homework and asked the why. I don't pretend to understand it all. I'm just delivering what my understanding was of that conversation.

5.    **Object as Hearsay.  Testimony being offered to prove the truth of the matter asserted.  Page 115 Line 3 - Line 14.**

A       I've asked Mr. Goldblatt, and he said to me he has no recollection of preparing this document. And it's very possible, he thinks, that someone put it in front of him and he just signed it.

Q       Actually, if you and we don't want to go through all there's a document in here that says just what he says, he got it off of a document.

But my point is that

A       Well, but I don't think he prepared this. I think maybe Jenny Taylor, who responded to your

Q       Okay. It doesn't matter. It doesn't matter.

A       Somebody prepared it and it was wrong.

> BOEHL, STOPHER & GRAVES
> 444 West Second Street
> Lexington, KY 40507
> Telephone: (859) 252-6721
>
> BY: s/ Ronald L. Green
>     RONALD L. GREEN
>     ATTORNEYS FOR THE DEFENDANTS,
>     PETER BIRKHOLZ AND BIRKHOLZ &
>     COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify on June 8, 2007, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Hon. David T. Royse
>STOLL, KEENON & PARK, LLP
>300 West Vine Street
>Suite 2100
>Lexington, KY 40507

                                BY: s/ Ronald L. Green
                                    RONALD L. GREEN